# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVIN SANDERS; SYLVIA SPENCER;
JUDY PRICE; PAMELA MCCRANEY;
WILLIE PALMER; ROMA WILKENS;
CYNTHIA ANDREWS; MICHAEL
CRAWFORD; SHARNON NELSON;
BETTY WOODSON; KENNETH
FOWLER; CAROL JENKINS;
DOROTHY SOUCY; LARRY WILLIAMS;
CHARLENE SMITH, ET AL.; ANTHONY
CIARAMITARO, ET AL.; and
MALINDA WRIGHT,

Plaintiffs,

v.

ASTRAZENECA
PHARMACEUTICALS LP,

Defendant.

Nos. 06-0067; 06-
0068; 06-0069; 06-
0070;06-0071; 06-
0072; 06-0085; 06-
0096; 06-0097; 06-
0098; 06-0110; 06-
0111; 06-0122; 06-
0123; 06-0124; 06-
0125; and 06-0131

## ORDER

**HERNDON, District Judge:**

Before the Court are motions to reconsider in the above cases.  On July

Page 1 of 3

13, 2006, this Court entered an order dismissing the above cases without prejudice. Less than a week later, Defendant AstraZeneca Pharmaceuticals ("Defendant") filed a motion to reconsider.  Plaintiffs respond in opposition.

Motions to reconsider "are left subject to the complete power of the court rendering them," should be granted "as justice requires," **FED. R. CIV. P. 60 advisory committee's notes**, and must be "consonant with equity." *John Simmons Co. v. Grier Brothers*, **258 U.S. 82, 90-91 (1922)**.  *See also* **12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE  ¶ 60App.108[2] (3d ed. 2004)**.  Such motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, **90 F.3d 1264, 1269 (7th Cir. 1996)** (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, **561 F. Supp. 656, 665 (N.D. Ill. 1982**), *aff'd*, **736 F.2d 388 (7th Cir. 1984)**).  "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole*, **90 F.3d at 1270**.

Defendants' current motions purport to offer new evidence to support it's earlier argument that this case should not be dismissed.  This "new" evidence, however, supports little more than an extension of earlier-rejected arguments.  The Court remains unpersuaded.  To the extent Defendants' motion contains new arguments, further, those arguments could have been previously asserted and are

improper at this juncture. *Id.* Accordingly, the Court **DENIES** Defendants' motions

for reconsideration.

> **IT IS SO ORDERED**.

> Signed this 10th day of August, 2006.

/s/      David  RHerndon
**United States District Judge**

.